# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD BUSHELMAN, | 1:07-cv-01823 AWI SMS (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| NEIL ADLER, Warden, et.al., | [Docs. 1, 2] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition for writ of habeas corpus on December 14, 2007. Petitioner is currently incarcerated in the Taft Correctional Institution, in Taft, California, serving a fifty-two month sentence imposed by the United States District Court for the District of Idaho.

In the instant petition, Petitioner contends that he is currently in custody pursuant to an Act of Congress which did not comply with the minimum mandatory requirement of Article 3 of the United States Constitution. Specifically, he contends that he "is an American Citizen and not subject to the jurisdiction of United States District Court in order to confer jurisdiction against the person of the Petitioner, thus the court render conviction against the corpus of the Petitioner is null and void." (Petition, at 6.)

Title 28, of the United States Code, section 2241(c) states:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- -
> (1) He is in custody under or by color of the authority of the United

1

> States or is committed for trial before some court thereof; or
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
> (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
> (5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(c).

Article III, Section 1 of the United States Constitution states, in relevant part, "The judicial Power of the United States, shall be vested in one supreme court, and in such inferior Courts as the Congress may from time to time ordain and establish." Title 28, of the United States Code, Section 134, lists the District Courts defined by Congress. 28 U.S.C. § 132 (Creation and composition of district courts). Title 28, of the United States Code, Section 92, identifies Idaho, exclusive of Yellowstone National Park, as one judicial district. Court shall be held at Boise, Coeur d'Alene, Moscow, and Pocatello. 28 U.S.C. § 92. Petitioner's claim that the United States District Court for the District of Idaho was without jurisdiction over him is simply unfounded. Accordingly, Petitioner's claim must be dismissed for failure to state a cognizable claim.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DISMISSED for failure to state a cognizable claim; and

2. The Clerk of Court be directed to enter judgment.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to

1  Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served
2  and filed within ten (10) court days (plus three days if served by mail) after service of the
3  objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
4  636 (b)(1)(C). The parties are advised that failure to file objections within the specified time
5  may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th
6  Cir. 1991).

IT IS SO ORDERED.

**Dated:  January 4, 2008**                       /s/ Sandra M. Snyder
                                                  UNITED STATES MAGISTRATE JUDGE