# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD BUSHELMAN, | 1:07-cv-01823 AWI SMS (HC) |
| Petitioner, | ORDER DENYING PETITIONER'S MOTIONS FOR RECONSIDERATION |
| v. | [Docs. 19, 20] |
| NEIL ADLER, Warden, et.al., | |
| Respondent. | |

On March 7, 2008, the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 was dismissed and judgment was entered that same date. (Court Docs. 13, 14.)

Now pending before the Court is Petitioner's motions reconsideration, filed on May 12 and May 16, 2008. (Court Docs. 19, 20.)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The rule permits a district court to relieve a party from a final order or judgment on the grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . of an adverse party; (4) the judgement is void; (5) the judgment has been satisfied . . . ; or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event, "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin

1  Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983)
2  (*en banc*).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce
3  the court to reverse its prior decision.  See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634
4  F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514
5  (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988).  The Ninth Circuit has held that "[c]lause
6  60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge
7  Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986), *quoting* Corex
8  Corp. v. United States, 638 F.2d 119 (9th Cir. 1981).  Accordingly, "the clause is reserved for
9  'extraordinary circumstances.'" Id.

10  Petitioner fails to meet this standard.  Petitioner does not set forth any arguments or evidence
11  that have not already been considered by this Court.  Petitioner's arguments present no basis for
12  relief.  Accordingly, Petitioner's motions for reconsideration are DENIED.

15  IT IS SO ORDERED.
16  **Dated:   June 24, 2008**                      /s/ Anthony W. Ishii
                                                    UNITED STATES CHIEF DISTRICT JUDGE